*J. M. C. Ranck*, Esq., for plaintiff.

---

*Twenty-first Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

*(In Equity.)*

## JEREMIAH SEITZINGER *et al. v.* THE DECEMBER OIL CO.

An act of assembly for the winding up of the affairs of the December Oil Company, having provided that when it shall appear to the court that the company is insolvent, or is mismanaged, &c.,on the filing of a petition or bill in equity, the court shall appoint an, assignee or assignees. *Held :* That the court was not authorized to appoint on the mere filing of a bill in equity, but that the power was only to be exercised when, by a judicial investigation, of which the filing of the bill was but the first step, it was made to appear to the court that the company was insolvent, &c.

Opinion delivered July 21, 1873, by

PERSHING, P. J. By an act of assembly approved the 24th day of April, A. D. 1873, entitled "An act relating to the December Oil Company, and giving jurisdiction to the courts to settle and wind up the same," it is provided that whenever it shall appear to the court of common pleas of the county in which such stockholders reside, upon either a petition or bill in equity, filed by any stockholder of the December Oil Company, that the said company is insolvent, or that the said company had ceased to do business, or that it had never engaged in business for the purpose for which said company was created, or that the officers and managers, or either, were misapplying the funds and property of said company, it shall be the duty of the court of common pleas to appoint one or more assignees to settle and wind up the affairs of the said company under and in pursuance of the laws relating to insolvent debtors of this commonwealth. The second section confers jurisdiction on the court of common pleas of any county where any of the stockholders may reside, and where a petition or bill in equity may be filed by any stockholder, and directs how the service of such petition or bill in equity may be made.

In pursuance of this act, the complainants have filed their bill in equity, setting forth that 192,000 shares of the stock of the December Oil Co. were subscribed and paid for up to 30th May, 1865, of which it appears the complainants own in the aggregate 36,000 shares; that about $80,000 in money was received from the sales of stock; that no election for officers of said company has been held since its organization in 1865, at which time Henry L. Cake was elected president, and George W. Huntzinger, secretary and treasurer, who have since had possession of all the moneys, books and assets of said company; that the said president and treasurer are concealing and misapplying the moneys and assets to their own use; and further states that said company has carried on no business, nor at any time, on its own account, was engaged in the business of boring for oil, for which purpose it was incorporated. The prayer of the bill is (1) for the appointment of one or more assignees to settle and wind up the affairs of said company, with (2) a decree that all moneys, books, papers, property and effects whatsoever of said company in its control or possession, or in the control or possession of the agents, employees, officers, &c., of said company, shall be forthwith handed over, paid to, and delivered up to said assignee or assignees, and (3) service of the bill upon the company and its officers wherever found in the commonwealth.

There is but one question presented for our decision at this stage of the proceedings, and that is, whether the act referred to is mandatory upon the court to appoint an assignee or assignees upon the filing of a bill, such as has been filed in this case, before the defendants are allowed the opportunity of answering or of being heard.

The exercise of this power will take from this corporation the possession and control of its property and effects, and vest them in the trustee or trustees whom the court may appoint. To do this without investigation or a hearing, will be so far out of the usual course of legal proceedings that the court will not act from mere implication; the mandate must be expressed in clear and positive terms. As we understand and construe this legislation, it must first appear to the court that the company is insolvent, or that its officers are concealing its property or appropriating it to their own use, or mismanaging its business, before assignees can be appointed to wind up its affairs. How appear? Just as any other matter in controversy is made to appear as the result of an investigation, in which all parties interested are heard.

Even where the legislature, in the exercise of its undisputed powers, repeal a charter in direct terms, the judicial tribunals presume that the reserved power of repeal was not exercised without the legislature being satisfied, after an impartial investigation of the facts, and an opportunity given to the defendants to be heard in their own defence, that the case had occurred upon which alone its interposition could be justifiable. Comth. *v.* Pittsburgh & Connellsville R. R. Co., 8 P. F. S., per Sharswood, J.

In this case there is no direct repeal of the charter of the December

Oil Company.   It is not pretended that the legislature investigated the facts, or that the defendants had an opportunity given to them to be heard before that body; is it not an irresistible inference that when the legislature made it the duty of the court to take action where one or more things was made to appear, that the intention was that an investigation, following the due course of law, should be had, so that it might be first ascertained whether the affairs of the company were in such a condition as would call for the exercise of the power conferred by the act of assembly ?   The·filing of a bill in equity is but the first step towards the establishment of the charges contained in it.   To serve a copy on the defendants, and then by an appointment of assignees before a hearing, to vest the property of the corporation in others, might do injustice to the corporators, such as the legislature is restrained from doing by a constitutional prohibition.   It would at all events invert the usual order of judicial proceedings by first pronouncing judgment, and passing sentence, and afterward hearing the defence.   We refuse to appoint an assignee or assignees at this stage of the proceedings.

Hon. *Jas. Ryon,* for plaintiff; Hon. *Lin Bartholomew,* Hon. *F. W. Hughes,* for defendant.